# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOE R. HAWKE, | : | |
| Plaintiff, | : | Case No. 3:07cv00108 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS [1]

## I. INTRODUCTION

The Equal Access to Justice Act (EAJA) requires the Government to pay a prevailing Social Security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412 (d)(1)(A); *see Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). The parties in the instant case dispute whether the Government must pay Plaintiff Joe R. Hawke's attorney fees under the EAJA. (Doc. #s 16, 17, 18).

## II. BACKGROUND

Previously in this case, the Court determined that an Administrative Law Judge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(ALJ) had made certain errors in his review of the medical source opinions of record and that those errors were not harmless. As a result, the Court vacated the ALJ's non-disability determination and remanded this matter to the Social Security Administration under sentence four of 42 U.S.C. §405(g) for further proceedings. (Doc. #s 11, 14). The Court declined to direct payment of benefits to Plaintiff "because the evidence of disability is not overwhelming and because the evidence of a disability is not strong while contrary evidence is weak." (Doc. #11 at p. 14; Doc. #14).

Plaintiff presently seeks an EAJA award in the total amount of $4,386.25 for work his counsel performed, and for costs paid, in federal court. (Doc. #16). Plaintiff contends that such an award is warranted because the Government's decision in the case at bar was not substantially justified. Plaintiff emphasizes that the Report and Recommendations (Doc. #11) correctly determined that the ALJ had failed to apply the correct legal criteria set forth in the Commissioner's Regulations and Rulings and in caselaw. In light of these problems with the ALJ's decision, the Government's decision to support the ALJ lacked a reasonable basis in fact and law, according to Plaintiff.

The Government argues that its support for the ALJ's decision was reasonable because – as determined in the Report and Recommendations (Doc. #11) – proof of Plaintiff's disability was not strong in this case. As such, the Government had a substantial basis for defending this case" (Doc. #17). The Government further contends that, contrary to the Report and Recommendations, the ALJ relied on the correct legal criteria by stating that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. §404.1527, as well as three Social Security Rulings: 96-2p (evaluating opinion evidence); 96-5p (evaluating whether controlling weight should be given treating source opinions); and 96-6p (evaluating the opinions of state agency or other program medical sources). The Government emphasizes that the ALJ cited certain evidence that was inconsistent with the opinions of Plaintiff's treating physician, Dr. Morman, and the ALJ's reliance on Dr. Koppenhoefer's opinions was supported by

2

certain evidence.

## III. DISCUSSION

### A. The EAJA and "Substantial Justification"

A position is "substantially (*i.e.*, for the most part) justified..." under the EAJA when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A reasonable person could find the Commissioner's position substantially justified if it rested on "a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2; *see Howard*, 376 F.3d at 554. Even if it ultimately lacked merit, if the Government's position rested on a reasonable basis in law and fact, it meets the substantial justification standard. *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554.

The EAJA places the burden on the Government to demonstrate that its position was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[2]

### B. Analysis

A review of the ALJ's decision and the Commissioner's Memorandum in Opposition (Doc. #11) to Plaintiff's Statement of Errors reveals that the Commissioner unreasonably overlooked the ALJ's failure to apply the correct legal criteria when rejecting the opinions of Dr. Morman and accepting the opinions of Dr. Koppenhoefer. The prior explanation of this (in the Report and Recommendations) bears repeating and likewise establishes that the Commissioner's present search for substantial justification

---

[2] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

lacks merit:

> A review of the ALJ's decision reveals (1) no reference or description of the legal criteria applicable under the treating physician rule; (2) no specific citation of the applicable Regulation, 20 C.F.R. §404.1527(d)(2); (3) no actual application of that legal criteria to Dr. Morman's opinions; and (4) no evaluation of Dr. Morman's opinions under the remaining regulatory factors – supportability, consistency, specialization, etc. *See* Doc. #10 at 7-8. For these reasons, the ALJ erred by not weighing Dr. Morman's opinions under the applicable legal criteria. In addition, without an application of the required legal criteria to Dr. Morman's opinions, the ALJ erred by not providing a good explanation for his decision to discount Dr. Morman's opinions. *See Wilson*, 378 F.3d at 544.
>
> The ALJ also failed to evaluate the opinions of non-treating physician Dr. Koppenhoefer under any factor required by the Regulations. The ALJ's decision neither considers nor mentions the supportability or consistency of Dr. Koppenhoefer's opinion and does not refer to any other factor, such as specialization, when discussing this physician's opinions. *See* Doc. #10 at 7-8. This was not only contrary to the Regulations, *see supra*, §V(B), it was also contrary to the Commissioner's Rulings, which explain:
>
>> [T]he opinions of State agency medical and psychological consultants ... can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Councils levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist. The adjudicator must also consider all other facts that could have a bearing on the weight to which an opinion is entitled, including any specialization of the State agency medical or psychological consultant.
>
> Social Security Ruling 96-6p, 1996 WL 374180 at *3.

In addition, Plaintiff correctly points out that Dr. Koppenhoefer did not review the cervical CT and myelogram performed in September 2002, which documented severe stenosis at C5-6 and a herniated disc causing cord compression at C6-7. *See* Tr. 119A, 215. Consequently, the ALJ's failure to apply the required factors left him free to overlook this weakness in Dr. Koppenhoefer's opinions. This constituted further error. *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)("ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."); *cf. also Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984); *Kuleszo v. Barnhart*, 232 F.Supp.2d 44, 57 (S.D.N.Y. 2002).

(Doc. #11 at 9-12).

The Government's contention that the ALJ's reliance on the correct legal criteria is established by his references to 20 C.F.R. §404.1527 and certain Social Security Rulings is not sufficient to show substantial justification. The ALJ did not cite to the specific section of the 404.1527 describing the treating physician rule, namely 20 C.F.R. §404.1527(d)(2). The specific citation was needed in this case because the ALJ's decision did not elsewhere indicate he applied the correct legal criteria to Dr. Morman's opinions and did not contain good reasons for rejecting Dr. Morman's opinions.

In addition, the presence of other evidence in the administrative record upon which the Government presently relies, *see* Doc. #17 at 5-8, does not tend to show that the ALJ's errors were harmless or that the Government's reliance on that evidence was reasonable. As explained in the Report, "It is highly doubtful that the Commissioner's *post-hoc* application of the required regulatory factors can be the sole basis to affirm an ALJ's decision when the ALJ has failed to weigh the treating and non-treating medical source's as required by the Regulations. 'A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. [A] procedural error is not made harmless simply because the [aggrieved party] appears to have had little chance of success on the merits anyway. To hold otherwise, and to recognize substantial evidence

5

as a defense to non-compliance with §1527(d)(2), would afford the Commissioner the ability to violate the regulation with impunity and render the protections therein illusory...." (Doc. #11 at 12) (quoting in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 564 (6th Cir. 2004)). Given this strong language, the Government's decision to minimize or overlook the ALJ's errors by relying on certain evidence of record was not consistent with *Wilson* and was not grounded on a reasonable basis in law. *See id*. "Even if supported by substantial evidence, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 746 (6th Cir. 2007).

Accordingly, Plaintiff's Motion for Attorney Fees is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #17) be GRANTED;

2. Plaintiff be granted an award of attorney fees plus costs in the total amount of $4,386.25; and

3. The case remain terminated on the docket of this Court.


March 17, 2009

    s/ Sharon L. Ovington
    Sharon L. Ovington
    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).